UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL D. CARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 6030 |
| v. ) | |
| ) | Judge John W. Darrah |
| JOHN E. POTTER, Postmaster General of the ) | |
| United States Postal Service, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Michael Carr, brought an employment discrimination suit against Defendant, John Potter, Postmaster General of the United States Postal Service ("USPS"). Before the Court is Defendant's motion to dismiss.

## BACKGROUND

From March 2005 through June 2008, Plaintiff was employed by USPS as a letter carrier in Maywood, Illinois. Previously, Plaintiff had worked for USPS in Evanston, Illinois, and had brought an action for race discrimination against his supervisors there. Plaintiff alleges that, as part of the settlement reached in that suit, he was entitled to employment at a different USPS office and training as a new letter carrier. Plaintiff asserts that USPS did not uphold its end of the settlement. Plaintiff never received letter-carrier training. Furthermore, Plaintiff was not given the fresh start he was promised, as his new supervisors in Maywood repeatedly threatened him with firing, purportedly in retaliation for Plaintiff's lawsuit. On April 28, 2008, following numerous confrontations between Plaintiff and his supervisors, Plaintiff was issued a notice of removal. His termination became effective on June 13, 2008, following denial of his grievance.

## ANALYSIS

Defendant argues that the Complaint must be dismissed because Plaintiff did not timely seek Equal Employment Opportunity counseling ("EEO counseling"). Defendant argues that Equal Employment Opportunity Commission ("EEOC") regulations require federal employees to exhaust administrative remedies before filing suit by seeking EEO counseling within forty-five days of the alleged discrimination. Here, Defendant argues, Plaintiff did not seek EEO counseling until July 24, 2008, almost three months after he received the April 28, 2008 notice of removal. Plaintiff counters that under EEOC regulations, the forty-five-day period in which to seek counseling does not begin until the "effective date of the action," which Plaintiff takes to mean the date his employment actually terminated rather than the date of the decision or notice of that decision.

Section 1614.105(a)(1), which both sides agree controls here, states:

> An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

29 C.F.R. § 1614.105(a)(1). Plaintiff's termination was undoubtedly a personnel action and, thus, the forty-five-day limitations period runs from "the effective date of the action." The question before the Court, therefore, is whether the effective date was April 28, 2008, when Plaintiff was informed that he would be terminated, or June 13, 2008, when Plaintiff was actually terminated.

Citing, *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980) (*Ricks*), Defendant argues that in employment discrimination suits, the clock starts running on time limits such as this when the employee learns that his employer has taken the adverse action against him.

2

Therefore, Defendant argues, April 28, 2008, the date Plaintiff was notified of the decision, is the relevant date.

For the reasons discussed below, however, the Court finds that June 13, 2008 is the relevant date for purposes of § 1614.105(a)(1). First, examining the language at issue, the regulation states that, in the case of personnel actions, the forty-five days start from the "effective date of the action." The plain meaning of "effective date" would be the date that any personnel action became operative. In this case, that would be June 13, 2008, the date that Plaintiff was actually terminated.

Furthermore, *Ricks*, the case upon which Defendant exclusively relies, did not address the deadline for seeking EEO counseling in § 1614.105(a)(1); rather, it dealt with the deadline for filing a complaint with the EEOC under Title VII. *See Ricks*, 499 U.S. at 256. Title VII requires that a charge be filed "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C.A. § 2000e-5(e). That starting point, "the alleged unlawful action" in Title VII, appears to be equivalent to "the date of the matter alleged to be discriminatory" in § 1614.105(a)(1). But for personnel actions, the section lists a different date, namely, the "date of the effective action." That § 1614.105(a)(1) lists two alternative dates is further evidence that *Ricks* does not control. If the forty-five-day clock always started when the discriminatory action occurred (or when the employee was notified of it), there would be no reason to specify a different starting point when the alleged discrimination resulted from personnel action.

Finally, this issue was addressed by the Seventh Circuit in *Smith v. Potter*, 445 F.3d 1000 (7th Cir. 2006) (*Smith*). In *Smith*, the plaintiff was notified by a letter sent on October 22, 1998, that she would be terminated on November 27, 1998. *Id*. at 1007. The Seventh Circuit,

3

admittedly without much discussion, determined that November 27, not October 22, was the relevant date for purposes of § 1614.105(a)(1). *Id*. *See also Barkley v. Potter*, 2006 WL 1389113, at *2 (E.D. Wis. May 15, 2006) (upholding ALJ decision calculating forty-five-day time limit to initiate EEO contact under § 1614.105(a)(1) from the date of employee's termination, not the date she received her notice of removal).

Therefore, the Court finds that Plaintiff did not fail to seek EEO counseling within forty-five days of the effective date of his termination, June 13, 2008.

Defendant also argues separately that, to the extent Plaintiff's Complaint alleges a hostile work environment, Plaintiff did not timely seek EEO counseling under § 1614.105(a)(1). Under *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002), so long as an act contributing to a hostile-work-environment claim occurs within the filing period, "the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Defendant argues that Plaintiff's Complaint fails to allege any act contributing to his hostile-work-environment claim in the forty-five days immediately prior to July 24, 2008.

Defendant's argument is fully developed only in Defendant's reply brief, and Plaintiff has not had the opportunity to respond. Especially considering Plaintiff's *pro se* status, the Court finds that Defendant's initial motion to dismiss did not fairly raise this argument. *See Harper v. Vigilant Ins. Co.,* 433 F.3d 521, 528 (7th Cir. 2005) (arguments not fully developed until reply brief are waived).

4

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied.

Dated: 1/14/10

                                              JOHN W. DARRAH
                                              United States District Court Judge